**JAVERBAUM WURGAFT HICKS**
**KAHN WIKSTROM & SININS, P.C.**
1000 Haddonfield-Berlin Road, Suite 203
Voorhees, NJ 08043
Phone: 856.596.4100
Fax: 856.702.6640
Michael A. Galpern, Esquire
Attorney ID No.: 029031988
Stephen Burke, Jr., Esquire
Attorney ID No.: 14092012
**Attorneys for Plaintiff**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTON MICHELS and PATRICIA RAINE, H/W;<br><br>              Plaintiffs,<br><br>vs.<br><br>COPPOTELLI ENTERPRISES, INC; ROB COPPOTELLI, INDIVIDUALLY; and/or JOHN/JANE DOES 1-10,<br><br>              Defendants. | **COMPLAINT AND JURY DEMAND** |

Plaintiffs, Anton Michels and Patricia Raine, Husband and Wife, by and through their attorneys Javerbaum Wurgaft Hicks Kahn Wikstrom &Sinins, P.C. allege as follows:

## JURISDICTION AND VENUE

1. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1332(a) as the amount in controversy exceeds $75,000.00 and there is diversity of citizenship of the parties.

2. All Plaintiffs are diverse from all Defendants and the accident that is the subject of this

1

litigation occurred in Toms River, New Jersey, thus making jurisdiction and venue in this Court proper pursuant to 28 U.S.C. § 1332.

## THE PARTIES

3. Plaintiff Anton Michels is an individual person domiciled in Pennsylvania, residing at 316 North Avenue, Secane, PA 19018.

4. Plaintiff Patricia Raine is an individual person domiciled in Pennsylvania, residing at 316 North Avenue, Secane, PA 19018.

5. Upon information and belief, Defendant Coppotelli Enterprises, Inc. is a corporation, partnership, or other entity incorporated and existing by virtue of the laws of the State of New Jersey, having its principal place of business at 1834 Charlton Cir, Toms River, NJ 08755.

6. Upon information and belief, Rob Cappotelli is an individual person domiciled in the State of New Jersey and/or the State of South Carolina and is the President/Owner/ and/or Principal of Coppotelli Enterprises, Inc.

7. Upon information and belief defendants John/Jane Does 1-10 Corporations, Municipalities, Entities, and/or Persons (fictitious names for defendants unknown to plaintiff at this time despite due diligence).

## FACTUAL BASIS FOR THE RELIEF REQUESTED

8. Plaintiffs incorporate all prior allegations of this Complaint as if set forth fully herein.

9. On the date and time of the accident that is the subject of this Complaint, Plaintiff Anton Michels was a self-employed owner/operator of a small Delaware County PA contracting/construction company wherein he was the only employee.

10. Shortly before the accident Mr. Michels bid on a certain piece of construction equipment via an internet auction platform, namely a Backhoe Attachment that was/is compatible with the Bobcat 811 Skid Steer that he owned/owns.

11. On or about May 11, 2022 Plaintiff Anton Michels received an email from Dina Parris, who is listed as the seller on a Buyer Certificate issued by Government Deals (govdeals.com) under Certificate No 55-0511221500-2058, indicating that Mr. Michels had bid on and won the Bobcat 811 Skid Steer Backhoe Attachment (QAL 20538-55).

12. The piece of equipment in question weighs/weighed at least 1500lbs.

13. On or about May 13, 2022, Mr. Michels contacted Dina Parris and they agreed that Mr. Michels would pick up the Backhoe Attachment after he returned from vacation several days later.

14. On or about May 16, 2022, Plaintiff Michels paid for the equipment in full via credit card.

15. On or about June 2, 2022, Plaintiff Michels called the phone number which Dina Parris instructed him to call to make arrangements to pick up the equipment.

16. Plaintiff Michels called (732)-644-6050 and spoke with a "Rob", who was subsequently identified as Rob Coppotelli of Coppotelli Enterprises, Inc.

17. Plaintiff was then instructed to meet Rob Coppotelli at a local Wawa in order to follow Rob to the location where the equipment was located.

18. Mr. Coppotelli told plaintiff that he would then help him load the Backhoe Attachment onto the trailer that Plaintiff Michels was pulling behind his vehicle.

19. Mr. Coppotelli then proceeded to attempt to load the Backhoe Attachment onto the trailer with the use of a forklift and chain.

20. As a result of the length of the Backhoe attachment, Mr. Coppotelli attempt to load it

diagonally onto the trailer, as the attachment was too long, and this was the only way that equipment could possibly fit onto the trailer.

21. During the course of loading, Mr. Coppotelli instructed Plaintiff Anton Michels to stand on the front left portion of the trailer and directed him to guide the front right portion of the Backhoe Attachment into the front right corner of the trailer.

22. At the direction of Mr. Coppotelli, Plaintiff Anton Michels was on the bed of the trailer during the loading process.

23. Thereafter, Mr. Coppotelli, with gross negligence, negligence and/or carelessness, permitted the forklift to lower the Backhoe Attachment in a rapid and violent fashion, knocking Mr. Michels off the trailer onto the ground and causing plaintiff's head to strike the shovel portion of the Backhoe attachment.

## COUNT I

24. Plaintiff incorporates all prior allegations of the Complaint as if set forth fully herein.

25. As a result of the negligent, careless, and grossly negligent conduct of Coppotelli Enterprises, LLC, Plaintiff Anton Michels was caused to undergo significant and permanent injuries including but not limited to a fractured hip, deep laceration on the forehead, a significant traumatic brain injury, and other injuries, the full extent of which are yet to be determined.

26. As a direct and proximate result of the gross negligence, negligence, carelessness, and/or recklessness of the defendant Coppotelli Enterprises, LLC, the plaintiff, Anton Michels, was caused to endure lengthy and multiple hospitalizations and surgical procedures and/or caused to seek medical care and treatment for the injuries he has incurred; has been caused to suffer painful and permanent physical injuries; has in the past and will in the future be

caused to incur diverse expenses in order to cure and/or alleviate the injuries from which he has sustained; has in the past and will in the future be prevented from attending to his lawful and normal affairs, activities, and/or occupation; he has incurred and will in the future be caused to incur lost wages and income.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Anton Michels asks this Court to:

a. Award actual, compensatory, and consequential damages;

b. Award all expenses, including incidental past and future expenses, including medical expenses, loss of earnings, and loss of earning capacity;

c. Award reasonable attorneys' fees and costs of this case;

d. Award prejudgment and post-judgment interest;

e. Such other and further legal, equitable, and declaratory relief as justice requires.

## COUNT II

27. Plaintiff incorporates all prior allegations of the Complaint as if set forth fully herein.

28. Upon information and belief, at all times relevant hereto, defendant Rob Coppotelli was/is the President of Coppotelli Enterprises, Inc. and was acting as an employee of Coppotelli Enterprises, Inc. when loading the machinery in question onto the trailer as aforementioned.

29. Defendant, Coppotelli Enterprises, LLC, is liable for the acts and/or omissions of its employees, including, but not limited to, Rob Coppotelli, under the doctrines of respondeat superior, agency, apparent agency, res ipsa, or otherwise.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Anton Michels asks this Court to:

a. Award actual, compensatory, and consequential damages;

b. Award all expenses, including incidental past and future expenses, including medical expenses, loss of earnings, and loss of earning capacity;

c. Award reasonable attorneys' fees and costs of this case;

d. Award prejudgment and post-judgment interest;

e. Such other and further legal, equitable, and declaratory relief as justice requires.

## COUNT III

30. Plaintiff incorporates all prior allegations of the Complaint as if set forth fully herein.

31. As a result of the negligent, careless, and grossly negligent conduct of Rob Coppotelli, Plaintiff, Anton Michels was caused to undergo significant and permanent injuries including but not limited to a fractured hip, deep laceration on the forehead, a significant traumatic brain injury, and other injuries, the full extent of which are yet to be determined.

32. As a direct and proximate result of the gross negligence, negligence, carelessness, and/or recklessness of the defendant Rob Coppotelli, the plaintiff, Anton Michels, was caused to endure lengthy and multiple hospitalizations and surgical procedures and/or caused to seek medical care and treatment for the injuries he has incurred; has been caused to suffer painful and permanent physical injuries; has in the past and will in the future be caused to incur diverse expenses in order to cure and/or alleviate the injuries from which he has sustained; has in the past and will in the future be prevented from attending to his lawful and normal affairs, activities, and/or occupation; he has incurred and will in the future be caused to incur lost wages and income.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Anton Michels asks this Court to:

a. Award actual, compensatory, and consequential damages;

b. Award all expenses, including incidental past and future expenses, including medical expenses, loss of earnings, and loss of earning capacity;

c. Award reasonable attorneys' fees and costs of this case;

d. Award prejudgment and post-judgment interest;

e. Such other and further legal, equitable, and declaratory relief as justice requires.

## COUNT V

33. Plaintiffs incorporate all prior allegations of the Complaint as if set forth fully herein.

34. As a result of the negligent, careless, and grossly negligent conduct of JOHN/JANE DOES 1-10 Corporations, Municipalities, Entities, and or Persons), Plaintiff Anton Michels was caused to undergo significant and permanent injuries including but not limited to a fractured hip, deep laceration on the forehead, a significant traumatic brain injury, and other injuries, the full extent of which are yet to be determined.

35. As a direct and proximate result of the gross negligence, negligence, and/or carelessness of the defendants JOHN/JANE DOES 1-10, the plaintiff, Anton Michels, was caused to endure lengthy and multiple hospitalizations and surgical procedures and/or caused to seek medical care and treatment for the injuries he has incurred; has been caused to suffer painful and permanent physical injuries; has in the past and will in the future be caused to incur diverse expenses in order to cure and/or alleviate the injuries from which he has sustained; has in the past and will in the future be prevented from attending to his lawful and normal affairs, activities, and/or occupation; he has incurred and will in the future be caused to incur lost wages and income.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs ask this Court to:

a. Award actual, compensatory, and consequential damages;

b. Award all expenses, including incidental past and future expenses, including medical expenses, loss of earnings, and loss of earning capacity;

c. Award reasonable attorneys' fees and costs of this case;

d. Award prejudgment and post-judgment interest;

e. Such other and further legal, equitable, and declaratory relief as justice requires.

## COUNT VI

36. Plaintiffs incorporate all prior allegations of the Complaint as if set forth fully herein.

37. At all times relevant herein, the Plaintiff, Patricia Raine, was the lawful wife of plaintiff Anton Michels.

38. As a direct and proximate cause of the gross negligence, negligence, carelessness and recklessness of the Defendants Coppotelli Enterprises, Inc. and Rob Coppotelli, as aforesaid, the Plaintiff, Patricia Raine, has been and will be deprived of the services, consortium and companionship of the Plaintiff, Anton Michels, has been and will be deprived of the services, companionship and society in the future, and has been and will be in the future caused to expend large sums of money in an effort to treat/cure her husband of his injuries and will be caused to incur other great expenses and consequential damages. WHEREFORE, Plaintiff, Patricia Raine, hereby demands judgment against the Defendants, Coppotelli Enterprises, Inc., Rob Coppotelli, and/or John/Jane Does 1-10, jointly, severally or in the alternative, in the amount of her damages, together with attorney's fees, interest and cost of suit.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs ask this Court to:

a. Award actual, compensatory, and consequential damages;

b. Award all expenses, including incidental past and future expenses, including medical expenses, loss of earnings, and loss of earning capacity;

c. Award reasonable attorneys' fees and costs of this case;

d. Award prejudgment and post-judgment interest;

e. Such other and further legal, equitable, and declaratory relief as justice requires.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

                                        **JAVERBAUM WURGAFT HICKS**
                                        **KAHN WIKSTROM & SININS, P.C.**
                                        Attorneys for Plaintiff

Dated:                                      By:  *Michael A. Galpern* /s/
                                                      Michael A. Galpern

## NOTICE OF TRIAL COUNSEL

Please take notice that Michael A. Galpern, Esq. is hereby designated as Trial Counsel in the above-captioned matter for the firm JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C..

Dated: 1/12/2023                          By:  /s/ *Michael A. Galpern*
                                                      MICHAEL A. GALPERN, ESQUIRE

## CERTIFICATION OF COUNSEL

I, Michael A. Galpern, Esquire, hereby certify that the following statements made by me are true to the best of my knowledge:

a.  This action as pled is not presently subject to any other action or arbitration proceeding.

b.  No other action or arbitration proceeding is contemplated at this time by counsel.

c.  I am unaware of any other parties who should be joint in this action.

I hereby certify that the foregoing statements made by me are true, I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                      **JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.**
                                      Attorneys for Plaintiff

Dated: 1/12/2023                                          By: __/s/ Michael A. Galpern_____
                                                                  Michael A. Galpern, Esquire